**LAW OFFICES OF RONALD A MARRON**
Ronald A. Marron (SBN 175650)
Alexis M. Wood (SBN 270200)
Kas L. Gallucci (SBN 288709)
Rex D. Brookhart (SBN 360522)
651 Arroyo Drive
San Diego, CA 92103
Tel.: (619) 696-9006
Fax: (619) 564-6665
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

Attorneys for Plaintiff

**DLA PIPER LLP (US)**
Isabelle L. Ord (Bar No. 198224)
Tia Q. Nguyen (Bar No. 338778)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel.: (415) 836-2500
Fax: (415) 836-2501
isabelle.ord@us.dlapiper.com
tia.nguyen@us.dlapiper.com

Keara M. Gordon (*pro hac vice*)
1251 Avenue of the Americas, 27th Floor
New York, NY  10020-1104
Tel.: (212) 335-4632
Fax: (212) 884-8632
keara.gordon@us.dlapiper.com

William W. Reichart III (*pro hac vice*)
650 S. Exeter St., Suite 1100
Baltimore, MD 21202
Tel.: (410) 580-4104
Fax: (410) 580-3104

Attorneys for Defendant Quten Research
Institute, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY SWETALA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> QUTEN RESEARCH INSTITUTE, LLC. <br><br> Defendant. | Case No.   1:24–CV–00620–JLT–BAM <br><br> **STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** <br><br> (Doc. 43) |

Plaintiff Anthony Swetala ("Plaintiff") and Defendant Quten Research Institute, LLC ("Quten") (together, the "Parties") hereby respectfully request that the Court enter this Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Stipulated Protective Order") and state as follows:

1.    <u>PURPOSES AND LIMITATIONS</u>

The Parties acknowledge that disclosure and discovery activity in this action are likely to

involve production of confidential, proprietary, trade secret, commercially sensitive, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation is warranted. Accordingly, to adequately protect such information from unauthorized disclosure, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the terms of this Stipulated Protective Order and the applicable legal principles.  The Parties further acknowledge, as set forth in Section 3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 and 141.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>GOOD CAUSE STATEMENT</u>

The Parties anticipate producing information during discovery that is confidential, proprietary, or private in nature.  This includes, but is not limited to, internal product development records, marketing and advertising strategy materials, consumer research and testing data, formulation or ingredient information, pricing and profit margin data, and personal identifying information of consumers or third parties.[1]  Disclosure of such materials may cause competitive harm to Defendant, expose sensitive business practices, or unnecessarily publicize the personal information of consumers or putative class members.

Good cause exists for the entry of this Stipulated Protective Order because unrestricted disclosure or widespread dissemination of these categories of documents and information could result in annoyance, embarrassment, oppression, or undue burden or expense.  Entry of this Stipulated Protective Order is appropriate to facilitate discovery while preserving the confidentiality of materials that are not intended for public disclosure and that may implicate legitimate privacy or

---

[1] By stipulating to the entry of this Stipulated Protective Order, Quten does not admit that any of the materials referenced in this agreement are discoverable or admissible and reserves all rights and objections.

business concerns.

A Court order is necessary because the Parties seek to govern the use and treatment of protected material throughout the course of litigation, including any future disputes regarding scope, designation, or use of such materials. A private agreement would be insufficient to ensure enforceability before the Court or to provide clarity on how confidential materials may be used in connection with motions, hearings, or trial, including confidential materials produced or otherwise provided by third parties. Accordingly, this Stipulated Protective Order warrants entry by the Court under Federal Rule of Civil Procedure 26(c) and Local Rule 141.1(c).

3.    FILING UNDER SEAL

Absent written authorization from a Producing Party permitting another Party to file Protected Material on the public docket or a court order after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this Action. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141 and any applicable orders or procedures of the assigned Judge or Magistrate Judge. This Stipulated Protective Order does not, by itself, authorize the filing of any document under seal.

4.    DEFINITIONS

4.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) including, but not limited to, non-public, proprietary, commercially or personally sensitive, or security-related information, or other confidential information.

4.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

4.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4.5    Disclosure or Discovery Material: all items or information, including from any Non-

Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, written discovery responses, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

4.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," such as, for example, trade secret information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means

4.8    In-House Counsel: attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

4.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

4.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, reviewing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14    Protected Material: any Disclosure or Discovery Material that is designated as

1    "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2          4.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

3    Producing Party.

4    5.    COMPUTATION OF TIME

5          The computation of any period of time prescribed or allowed by this Order shall be governed

6    by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

7    6.    SCOPE

8          The protections conferred by this Stipulated Protective Order cover not only Protected

9    Material (as defined above), but also (1) any information copied or extracted from Protected

10   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

11   testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

12   Material. However, the protections conferred by this Stipulated Protective Order do not cover the

13   following information: (a) any information that is in the public domain at the time of disclosure to

14   a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

15   a result of publication not involving a violation of this Order; and (b) any information known to the

16   Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from

17   a source who obtained the information lawfully and under no obligation of confidentiality to the

18   Designating Party.

19         Nothing in this Stipulated Protective Order shall prevent or restrict a Producing Party's own

20   disclosure or use of its own Protected Material for any purpose, and nothing in this Stipulated

21   Protective Order shall preclude any Producing Party from showing its Protected Material to an

22   individual who prepared the Protected Material.

23         Nothing in this Order shall be construed to prejudice any Party's right to use any Protected

24   Material in court or in any court filing with the consent of the Producing Party or by order of the

25   Court.

26         Any use of Protected Material at trial shall be governed by a separate agreement or order of

27   the Court.

28         The Parties acknowledge that Protected Material designated under the terms of this

Stipulated Protective Order shall be used by a Receiving Party solely for this case and shall not be used directly or indirectly for any other purpose whatsoever.

7.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

8.    <u>DESIGNATING PROTECTED MATERIAL</u>

8.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation

8.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted or within 30 days thereafter. Alternatively, a Designating Party may specify, at the deposition that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

8.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

9.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

9.1      <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9.2      <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

9.3      <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Parties may proceed to seek Court intervention either through formally filing a motion or otherwise making use of the presiding Magistrate Judge's informal discovery dispute resolution procedures as posted on the Court's website.  The Designating Party shall initiate Court intervention by filing a discovery motion in accordance with Local Civil Rule 251 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer

1    requirements imposed in the preceding paragraph.  In addition, the Challenging Party may file a

2    motion challenging a confidentiality designation at any time if there is good cause for doing so,

3    including a challenge to the designation of a deposition transcript or any portions thereof.  Any

4    motion brought pursuant to this provision must be accompanied by a competent declaration

5    affirming that the movant has complied with the meet and confer requirements imposed by the

6    preceding paragraph.

7        Nothing in this Stipulated Protective Order purports to alter or change the burden of

8    persuasion in any such challenge.  Frivolous challenges or designations, and those made for an

9    improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

10   expose the Challenging or Designating Party to sanctions.  Unless the Designating Party has waived

11   the confidentiality designation by failing to file a motion to retain confidentiality as described above,

12   all parties shall continue to afford the material in question the level of protection to which it is

13   entitled under the Producing Party's designation until the court rules on the challenge.

14   10.    ACCESS TO AND USE OF PROTECTED MATERIAL

15       10.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

16   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

17   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

18   the categories of persons and under the conditions described in this Order. When the litigation has

19   been terminated, a Receiving Party must comply with the provisions of section 17 below (FINAL

20   DISPOSITION).

21       Protected Material must be stored and maintained by a Receiving Party at a location and in

22   a secure manner that ensures that access is limited to the persons authorized under this Order.

23       10.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

24   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

25   information or item designated "CONFIDENTIAL" only to:

26       (a) the Receiving Party's Outside Counsel of Record in this action, such counsel's immediate

27   paralegals and staff, and any copying or clerical litigation support services working at the direction

28   of such counsel, paralegals, and staff;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i) Any other person with the prior written consent of the Producing Party.

10.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) In-house Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1    (d) the court and its personnel;

2    (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and

3    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

4    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5    (f) during their depositions, witnesses in the action to whom disclosure is reasonably

6    necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7    and

8    (g) the author or recipient of a document containing the information or a custodian or other

9    person who otherwise possessed or knew the information; and

10    (h) Any mediator who is assigned to hear this matter, and his or her staff, subject to their

11    agreement to maintain confidentiality to the same degree as required by this Protective Order.

12    10.4    <u>Designating Party's Use of Own Information Unrestricted</u>.  The restriction on use or

13    disclosure of Protected Material established by this Stipulated Protective Order are applicable only

14    to the use or disclosure of Protected Material by the recipient of such information from the

15    Designating Party.  The Designating Party is free to do whatever it desires with the Protected

16    Material it has designated.

17    11.    <u>PROSECUTION BAR</u>

18    Absent written consent from the Producing Party, any individual who receives access to

19    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved

20    in the prosecution of patents or patent applications relating to dietary supplements, including without

21    limitation the patents asserted in this action and any patent or application claiming priority to or

22    otherwise related to the patents asserted in this action, before any foreign or domestic agency,

23    including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this

24    paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise

25    affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in

26    this paragraph does not include representing a party challenging a patent before a domestic or

27    foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*

28    reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

12.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

13.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required to produce a Non-Party's confidential information

12

in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

       1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

       2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

       3.     make the information requested available for inspection by the Non-Party.

    (c)    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

15.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

    15.1 The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, is

presumptively inadvertent, and shall not be deemed a waiver of any claim of privilege and/or protection regarding the inadvertently produced Discovery Material, or the subject matter of the inadvertently produced Discovery, in this litigation or in any other federal or state proceeding. This Order shall be interpreted to afford the maximum protection allowed by Federal Rule of Evidence 502(d).

15.2    Promptly upon learning of the unintentional or inadvertent disclosure, the Producing Party shall notify the Receiving Party of the unintentional or inadvertent disclosure and request return of the documents and/or information. Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately cease reviewing such Discovery Material, make no further use of the Discovery Material, segregate such Discovery Material, cease any dissemination of the Discovery Material, retrieve any of the Discovery Material that has been distributed to third parties, and return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

15.3    The Producing Party shall place the clawed back Protected Information on a privilege log consistent with the requirements in the Parties' Stipulation and Order Regarding Discovery of Electronically Stored Information. The Receiving Party may challenge any assertion of privilege or protection by the Responding Party as with any other privilege log entry.

15.4    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the Bates numbers of the inadvertently produced Discovery Material to identify the Discovery Material to the Court in any motion to compel production of the Discovery Material.

16.    <u>DISCOVERY FROM EXPERTS OR CONSULTANTS</u>

16.1    The below-listed categories of documents and communications need not be disclosed by any party or expert (testifying or otherwise) and an expert may not be examined at deposition, hearing, or trial on the contents of the below-listed categories of documents and communications:

a.      any notes or other writings taken or prepared by or for an expert witness in connection with this matter (aside from the written expert report(s) and any notes generated while testifying), including (i) written correspondence or memoranda to or from, and notes of conversations between and among the expert witness and (a) the expert's assistants and/or clerical support staff, (b) other expert witnesses or non-testifying expert consultants, including their staffs, or (c) attorneys for the party or parties, and/or (ii) copies of materials produced by any party in this litigation bearing the notes, markings, or comments of the expert, the expert's assistants and/or clerical support staff, other expert witnesses or non-testifying expert consultants (including their staffs), or attorneys for the party or parties;

b.      any draft reports, draft studies, draft work papers, draft declarations, or other draft materials or preliminary work product prepared by, for, or at the direction of an expert witness or his or her staff, regardless of the form in which the draft is recorded; and

c.      any oral or written communication between and among an expert witness and the expert's respective assistants and/or clerical or support staff, other expert witnesses or non-testifying expert consultants (including their staffs), or attorneys for the party or parties, regardless of the form of the communications, except to the extent the communications relate to compensation for the expert's work or testimony.

16.2   Any documents and communications exempt from discovery under this Section shall be treated as attorney work product for the purposes of this case and Stipulated Protective Order.

17.   <u>COMPLIANCE PENDING ENTRY</u>

The Parties agree to be bound by the terms of this Stipulated Protective Order pending its entry by the Court or pending the entry of an alternative order that is satisfactory to the Court and to all Parties.  If any Party discloses Protected Material or produces documents in reliance on the terms of this Order prior to its entry by the Court, the Party to whom the information is disclosed shall cooperate in ensuring that such information is protected pursuant to the terms of this Stipulated Protective Order, or as otherwise agreed upon by the Disclosing Party, regardless of whether such

1    terms are ultimately included in any such order.

2    18.    MISCELLANEOUS

3        18.1    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right

4    of any person to seek its modification by the Court in the future or to seek any other relief from the

5    Court.

6        18.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated

7    Protective Order no Party waives any right it otherwise would have to object to disclosing or

8    producing any information or item on any ground not addressed in this Stipulated Protective Order.

9    Similarly, no Party waives any right to object on any ground to use in evidence of any of the material

10   covered by this Stipulated Protective Order.  This Stipulated Protective Order shall not constitute a

11   waiver of the right of any Party to claim in this action or otherwise that Discovery Material, or any

12   portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this

13   action or any other proceeding.

14       18.3    Export Control. Disclosure of Protected Material shall be subject to all applicable

15   laws and regulations relating to the export of technical data contained in such Protected Material,

16   including the release of such technical data to foreign persons or nationals in the United States or

17   elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

18   data, and the Receiving Party shall take measures necessary to ensure compliance.

19       18.4    Burdens of Proof. Notwithstanding anything to the contrary, nothing in this

20   Stipulated Protective Order shall be construed to change the burdens of proof or legal standards

21   applicable in disputes regarding whether particular Discovery Material is confidential, which level

22   of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions

23   should apply.

24       18.5    Modification by Court. This Stipulated Protective Order is subject to modification

25   by a further order of the Court.  Any party may apply to the Court for an order modifying this

26   Stipulated Protective Order.

27       18.6    Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any

28   way the discovery provisions of the Federal Rule of Civil Procedure, the Local Rules of the United

1    States District Court for the Eastern District of California, or the Court's own orders. Identification

2    of any individual pursuant to this Stipulated Protective Order does not make that individual available

3    for deposition or any other form of discovery outside of the restrictions and procedures of the Federal

4    Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District

5    of California, or the Court's own orders.

6    19.    <u>FINAL DISPOSITION</u>

7         Within 60 days after the final disposition of this action, as defined in paragraph 5, each

8    Receiving Party must return all Protected Material to the Producing Party or destroy such material.

9    As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

10   summaries, and any other format reproducing or capturing any of the Protected Material. Whether

11   the Protected Material is returned or destroyed, the Receiving Party must submit a written

12   certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

13   by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material

14   that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

15   abstracts, compilations, summaries or any other format reproducing or capturing any of the

16   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy

17   of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

18   correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

19   and expert work product, even if such materials contain Protected Material. Any such archival

20   copies that contain or constitute Protected Material remain subject to this Protective Order as set

21   forth in Section 7 (DURATION).

22        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23

24    Dated:  July 31, 2025                      **DLA PIPER LLP (US)**

25                                               By: */s/  Isabelle L. Ord*
                                                     ISABELLE L. ORD
26
                                                     *Attorneys for Defendant Quten Research Institute,*
27                                                   *LLC*

28

**LAW OFFICES OF RONALD A. MARRON**

By: */s/ Kas L. Gallucci (with permission)*
     KAS L. GALLUCCI

*Attorneys for Plaintiff*

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Swetala v. Quten Research Institute, LLC*, Case No. 1:24–cv–00620–JLT–BAM (E.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
            [signature]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>ORDER</u>**

The Court has reviewed the Stipulated Protective Order filed by Plaintiff Anthony Swetala ("Plaintiff") and Defendant Quten Research Institute, LLC ("Defendant"), through their counsel of record, requesting that the Court enter an Order.

Having considered the above stipulation, and finding good cause, the Court adopts the signed stipulated protective order, (Doc. 43), subject to the following:

<u>Exhibit A, lines 13-15</u>: "I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action." is hereby struck and replaced with "I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order **<u>up to and until the</u>** termination of this action."

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the

information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:  __August 2, 2025__          ____/s/ Barbara A. McAuliffe____
                                     UNITED STATES MAGISTRATE JUDGE